SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NASSAU : CRIMINAL TERM PART 48

------------------------------------------X    Indictment
THE PEOPLE OF THE STATE OF NEW YORK,        :  No. 1670N-15
                                            :
            -against-                       :  NYSID No.
                                            :  06304795Y
MICHAEL TAYLOR,                             :
                                            :  ATT-MURD 2
                    Defendant.              :
------------------------------------------X    Sentence

                            August 29, 2018

                            262 Old Country Road
                            Mineola, New York

B E F O R E:

        HONORABLE HOWARD E. STURIM,
                Acting Supreme Court Justice

A P P E A R A N C E S:

                HON. MADELINE SINGAS
                Nassau County District Attorney
                For the People
                BY:  JARED R. ROSENBLATT, ESQ.,
                        Assistant District Attorney
                        of Counsel.

                DANA L. GROSSBLATT, ESQ.
                Attorney for Defendant
                    471 North Broadway - Suite 265
                    Jericho, New York  11753


                *          *          *


                        LISA H. WINKLER
                        Senior Court Reporter

                                                        lhw

Proceedings                    2

THE CLERK:  This is for the record, indictment 1670N of 2015, People versus Michael Taylor.

People, your appearance, please.

MR. ROSENBLATT:  For the People, Assistant District Attorney Jared Rosenblatt.  Good morning, your Honor.

THE COURT:  Good morning.

MS. GROSSBLATT:  Dana Grossblatt, 471 North Broadway, Jericho, New York 11753, for Mr. Taylor. Good morning, your Honor.

THE COURT:  Good morning.

THE CLERK:  Sir, you are Michael Taylor?

THE DEFENDANT:  Yes, I am, ma'am.

THE CLERK:  Michael Taylor, the District Attorney of Nassau County has filed the following second felony offender statement, stating that, on or about June 27th of 2014, in the County of Nassau, State of New York, the said defendant was duly by law convicted, upon his plea of guilty, to the crime of criminal contempt in the first degree, a felony, and on or about June 27, 2014 was sentenced to ten months imprisonment.

Mr. Taylor, you may admit, deny, or stand mute as to this information.  What do you wish to do?

THE DEFENDANT:  I don't recall.

lhw

Proceedings                           3

THE COURT:  Okay, he stands mute.

THE CLERK:  Okay.  This case is on today for sentence.

Counsel, is your client ready for sentence?

MS. GROSSBLATT:  He is.

THE CLERK:  Do the People wish to be heard?

MR. ROSENBLATT:  Yes.

Your Honor, prior to today I have served notice of the fact that we would have a victim impact statement.  Ms. Aurora Workman is present in the courtroom with her two children.  Ms. Workman has asked to speak today.  With your Honor's permission, I ask her to come up and speak first.

THE COURT:  That's fine.

Prior to the case being called, Mr. Taylor indicated that he had something he wanted to say to me. You will be given opportunity to speak to me, okay?

Ms. Workman.

MS. WORKMAN:  Thank you, your Honor, for allowing us to address the Court.  My family, my kids are here, except for one child who did not want to appear, because he said that he knows that his father was trying to kill me, and so he wished not to be here. But on behalf of my kids and myself, we were good.  I was a good wife.  We tried to be good.  He became very

lhw

Proceedings                4

violent.  So I'm hoping that he will receive the maximum penalty allowed by law.

THE COURT:  Thank you.

Anyone else on victim impact, Mr. Rosenblatt?

MR. ROSENBLATT:  No, Judge.  The two children have indicated, they do not wish to speak.

THE COURT:  Very good.

THE CLERK:  Defense counsel wish to be heard?

THE COURT:  Mr. Rosenblatt, you need to be heard?

MR. ROSENBLATT:  Yes, your Honor, briefly. Thank you.

Judge, a little less than three years ago, the defendant, Michael Taylor, destroyed the sanctity of the home that his then wife and children lived in. They continue to reside in that home, and his terror has greatly impacted his children, Jayden Workman, Xavier Workman, and Michele Workman.  It has impacted the entire family.

Over the course of his life, Michael Taylor was afforded chance after chance for his bad decisions. In fact, just in June of 2014, the defendant was convicted of criminal contempt in the first degree for assaulting Ms. Workman and was sentenced to ten months.

Time after time, over 20 plus years,

lhw

Mr. Taylor wasted every opportunity he had and has no one to blame but himself.

In October of 2015, he showed no remorse to Ms. Workman, a woman who was supposed to be his wife, and Mr. Taylor was about to kill his wife, but for the heroic actions of his daughter Jayden.  His own daughter, his own blood, watched as the defendant chose which weapon he would use as he attacked Ms. Workman. Weapon after weapon he chose and he did not stop.

During the course of this trial, right before Jayden Workman, his own daughter, was about to walk into this courtroom, we all took a brief pause to determine whether at that point Mr. Taylor would show some sense of decency to accept responsibility for the crime that he attacked his own wife, that his own daughter witnessed, and even then refused to accept responsibility for his own actions, requiring his own daughter to walk into this courtroom and testify against her own father from 15 feet away.

He has shown no regret.  He has shown no ability to acknowledge his own heinous actions, and he deserves no lenience from this Court.  In fact, your Honor, he deserves the same remorse and same leniency he showed Ms. Workman back in October of 2015, when he smashed her face with a barbell and her back with a

lhw

meat cleaver.  He deserves none.

Any person who can inflict such heartless brutality on their own wife, as their daughter witnesses that, is a danger to this society, and any person who can do so again after 2014 and again in 2015, should -- who shows such callous disregard for his own wife, is someone who should be defined as cruel, evil, and so violent that he no longer deserves the freedoms shared by those fortunate enough to live in this country.

And so I, along with Ms. Workman and her family, urge the Court to send the message to the defendant that this system, the criminal justice system, will not tolerate this man's barbaric behavior.

So, Judge, while the defendant has been convicted of multiple counts, Penal Law 70.25 subdivision 2 authorizes consecutive sentences.

If the Court wishes again, I would cite the People v Brown, 21 NY3d 739, 2013, Court of Appeals, and People v McKnight, 16 NY3d 43, a 2010 Court of Appeals case, which gives the Court the opportunity to sentence Mr. Taylor to consecutive sentences as the Court wishes.

I've prepared an order of protection on behalf of Ms. Workman and the children, Jayden,

lhw

Proceedings                              7

Michele, and Xavier, and ask your Honor issue an order of protection on their behalf.

THE COURT:  Thank you.

Ms. Grossblatt.

MS. GROSSBLATT:  Judge, my client has indicated to me that he did not want me to speak on his behalf, that he wanted to address the Court, so I will defer to him with regard to sentencing.

THE COURT:  Very good.

Mr. Taylor.

THE DEFENDANT:  With your permission, your Honor, I'm going to say that I need to put my glasses on, and can I be released from handcuffs to get into my paperwork?

THE COURT:  Sergeant?

COURT OFFICER:  I leave it to the Court's discretion.

THE COURT:  Yes.  But you will remain seated during the course of this.

THE DEFENDANT:  Yes.  Yes, your Honor.

Your Honor Sturim, did you receive my 330.30 motion that I submitted in a while ago?

THE COURT:  Yes.  Yes.

THE DEFENDANT:  My attorney said that -- she came to visit me and said, she seen no grounds to put

lhw

Proceedings                          8

in the 330.30.  And I'm saying, I'm basing that on ineffective and inadequate representation.

Now, I want to start off by saying -- first and foremost, I would like to say, good morning, your Honor, and like that, thank you for giving me the opportunity to be heard today at my sentencing of August 29, 2018.

Your Honor, I would like to start off by first saying, I would like for the Courts to clearly reflect and be made a part of my direct appeal these very important points and issues pertaining to ineffective and inadequate representation of counsel.

Your Honor, it should be clearly noted on the record that, prior to my criminal case going to trial, thus during a critical stage of my criminal procedures, which was trial, my attorney of court records by the name of Dana Grossblatt showed me in many aspects and ways how she ineffectively and inadequately represented me prior to my criminal case being brought to trial and during my criminal case going to trial, which in turn clearly also showed me that not only had she not made any good faith effort in representing me within the bounds of the law or a court as to the very laws that govern the bar association or the standards set forth within the ethical codes of professional

lhw

responsibilities, but my attorney also failed to represent me in accordance to my New York State Constitutional Article 1 and 6 Amendment of the Constitution amendments and the 14th Amendment of the United States Constitution amendments as well.

Moreover, your Honor, even though I did not state on the record that prior to my trial, as well as during my trial, I truly felt that my attorney was very ineffective and inadequate. I would like to explain why.

Point number one. It should be noted that during my trial, that the district attorney presented very critical evidence to the jurors which tainted and influenced the jury in convicting me. This evidence that I am referring to includes, but is not limited to, this knife or cleaver and a pair of sweatpants and toilet cover and pipe, all of which did not have any of my DNA or fingerprints on them after being tested for such.

Moreover, your Honor, also, the prosecutor also presented evidence in my case without my attorney objecting to it in evidence which played a critical role in my conviction. This evidence consists of a pipe that was never tested for my DNA, fingerprints, or the victim's DNA and fingerprints, or any other

lhw

perpetrator's DNA or fingerprints.

However, though, my attorney at no time asked the Court, can the defendant present their own independent DNA expert, fingerprint expert, or gun expert to testify and refute and disprove if the gun, which no one was ever charged with, was inoperable, capable of causing serious injury or death, if the blood found in the foyer of the house contained DNA of the victim or my DNA or someone else's DNA. No test was conducted.

I truly believe my attorney not challenging any evidence presented in my trial by the prosecutor, including the pipe, gun, sweatpants, which also did not contain any of my DNA, once again showed a clear showing that my attorney did not have my best interests at heart or with faith had any intention of protecting any of my constitutional rights or statutorial(sic) rights.

Okay. At trial my attorney should have requested to the Courts that I have a 730 examination by Mental Health to determine if my mental health issues and my -- I can't pronounce the word. I have to spell it -- P-S-Y-C-H-O-L-O-G-I-C-A-L problems have any kind of input or effect on my competency to not only understand what's taking place in my trial, but to also

lhw

see if I was capable of assisting my attorney in preparing an adequate and effective defense for my trial.

But my attorney refusing to ask that if I be examined by Mental Health regarding my mental state of competence -- and I can't -- I can't pronounce the word again.

MS. GROSSBLATT: Psychological.

THE DEFENDANT: Right -- affected my chance of arguing any mitigating factors or issues that could have reduced and -- reduced any and all charges and lessen my sentence likewise.

Furthermore, your Honor, according to Strickland(sic) Section 256, the Court held that counsel should investigate each line of defense counsel intends to raise at trial, and counsel must consult with the defendant before making a strategic choice about which defense to rely on at trial.

However, though, your Honor, in my instant case at bar and during my trial, my attorney raised a self-defense case without ever first confronting and talking to me about such defense or about giving me the opportunity to agree about such defense.

Due to poor judgment and the unethical choice that my attorney chose to pursue as my line of defense

lhw

at my trial, which prevented me from testifying in my trial on my own behalf, because of this, my attorney, Ms. Grossblatt, showed a great deal of unprofessionalism, and affected my ability in helping my attorney prepare an adequate and effective defense for my case to go to trial, which caused me to suffer a great disadvantage in trial and produce my case in trial in a very important aspect and way.

In closing, I would like the record to reflect that I feel I was provided ineffective counsel due to the evidence that was left out of the case, that is, being one key witness was never questioned. Ms. Regine Bennett was in the house during the so-called incident and supplied no testimony at all.

Second, my lawyer, Ms. Grossblatt, did not have a doctor to either confirm or deny the injuries that Ms. Workman endured were from the weapons suggested. My lawyer, Ms. Grossblatt, did not inquire about testing on the blood found in the foyer of the house on October 3rd of 2015.

I would like to have a copy of my sentencing minutes of August 29, 2018. Also, I would like to -- I would like Ms. Grossblatt to send me a copy of the Notice of Appeal or Notice of Intent.

I would like to make an application for civil

lhw

Proceedings                    13

judgment on the surcharges and fees, due to my current circumstances.

The truth is, I am truly innocent of these heinous charges being held against me.

To my three children, I want to say, I love you all.  To my last breath I will fight to prevent -- to prove my innocence.

COURT OFFICER:  You want the order signed at this time, Judge?

THE COURT:  Please.

MS. GROSSBLATT:  Judge, he's indicated he's not signing it.

THE COURT:  He's not going to sign the orders?

THE DEFENDANT:  I'm not going to sign.

MR. ROSENBLATT:  Judge, if he's not going to sign it, can I have the Court indicate at the signature line, defendant present in court and --

THE COURT:  I will.

MR. ROSENBLATT:  Thank you, your Honor.

I've handed it up, as well as the family registry for the named parties.

THE COURT:  Mr. Taylor, I find no merit to anything you've just said.  You came into this Court proceeding pro se.  You decided not to go pro se, and

lhw

you got an extremely adequate, if not more than adequate, defense. So I don't agree with you in any way.

You showed no mercy to your victims, who are your family, who were kind enough to take you in when you had no place to live, and at the request of your daughter, I will follow your lead and show you the same measure of mercy that you showed your family.

The record should reflect that I have before me a presentence report, prepared by the Probation Department, reviewed by counsel, to which neither side has taken exception.

It is the judgment of this Court, for the crime of attempted assault in the first degree, two counts thereof, each a Class C violent felony, for which you stand convicted under Counts 2 and 3 of indictment number 1670N of '15, you are hereby sentenced, as a second felony offender, to two determinate terms of imprisonment, each for 15 years, with five years of post-release supervision.

It is further the judgment of this Court that for the crime of attempted murder in the second degree, a Class B violent felony, for which you stand convicted under Count 4 of indictment 1670N of '15, you, Michael Taylor, are hereby sentenced, as a second felony

lhw

offender, to a determinate term of imprisonment for 25 years, with five years of post-release supervision.

It is further the judgment of this Court that for the crime of criminal possession of a weapon in the third degree, two counts thereof -- it's a Class D felony --

(Defendant passed out.)

COURT OFFICER:  All right, folks, everyone step out.

(Brief recess was taken.)

THE CLERK:  Back on the record, indictment 1670N of 2015, People versus Michael Taylor.

Let the record reflect, the parties are present, defendant is present.

THE COURT:  Where was I?  Would you read the last.

(The record was read.)

THE COURT:  Both sides ready?

(Discussion off the record.)

THE COURT:  Mr. Taylor, it's my understanding you are feeling well enough to continue.

THE DEFENDANT:  Yeah.

THE COURT:  And you've refused medical attention.

THE DEFENDANT:  I'd rather come back another

lhw

Proceedings                          16

day, but --

THE COURT:  No.  If you are feeling well enough today, we are going to finish it now.

So, to reiterate, it is the judgment of this Court that for the crime of criminal possession of a weapon in the third degree, two counts thereof, each a Class D felony, for which you stand convicted under Counts 6 and 7, you are hereby sentenced, as a second felony offender, to three determinate terms of imprisonment, each for seven years, with five years post-release supervision.

All of the above terms of imprisonment just imposed shall run concurrently.

It is further the judgment of this Court that for the crime of aggravated criminal contempt, a Class D felony, for which you stand convicted under Count 8, you are hereby sentenced, as a second felony offender, to a determinate term of imprisonment for seven years, with five years post-release supervision, to be served consecutive to the sentence just imposed.

It is further the judgment of this Court that for the crime of endangering the welfare of a child, a Class A misdemeanor, you are hereby sentenced to a determinate term of imprisonment of one year, which shall run concurrent to the sentences just imposed.

lhw

Proceedings                    17

It addition, it's directed that a DNA sample be taken.

I've also signed a permanent order of protection in favor of Aurora and Jayden Workman.

Is Michele Workman on there as well?

MR. ROSENBLATT:  Michele and Xavier are on there as well.

THE COURT:  You are to stay away from their home, place of business, place of employment.  Don't contact them anymore, either directly or indirectly.

This order is good until -- do we have an end date, People?

MR. ROSENBLATT:  That would be 40 years from the date of arrest, which was 2015, so 2055. February 11, 2055 needs to be written on there, Judge.

THE COURT:  Okay, 2/11/55.

MR. ROSENBLATT:  That would be 32 is the total, plus the eight after this.

THE COURT:  So this order is in effect until February 11, 2055.

In addition, you are directed to pay restitution in the amount of $31,757.80 by civil judgment.

You are also assessed a mandatory surcharge of $300, a DNA fee of $50, a crime victims' assistance

lhw

Proceedings                    18

fee of $25, all payable by inmate funds, and a civil judgment is ordered.

It is further directed that you be committed to the New York State Department of Corrections at Fishkill, New York, to be dealt with there according to law.

MS. GROSSBLATT:  Judge, with regard to the appeal, I understand I need to file my Notice of Appeal.  However, it's my understanding, the Court can grant poor person's relief on the record for an attorney to be assigned for the appeal.

THE COURT:  People?

MR. ROSENBLATT:  I take no position, Judge.

THE COURT:  Granted.

MS. GROSSBLATT:  Thank you, your Honor.

THE CLERK:  Civil judgment for all the fees and surcharges?

THE COURT:  Yes, except inmate funds.

MR. ROSENBLATT:  Judge, just from a procedural standpoint, defendant made an oral 330 motion.  I have -- granted 330 needs to be in writing, but just for --

THE COURT:  The 330 application is denied. You can address it on the 440 or on direct appeal, if you so choose.

lhw

Proceedings                    19

THE CLERK:  Mr. Taylor, you have the right to appeal from this sentence and these proceedings.  If you wish to appeal, you must file your Notice of Appeal with the Clerk of the Court within 30 days.

If you cannot afford a lawyer or the minutes of these proceedings, you may make application to the trial court at the time of sentence or the Appellate Division, which will, upon being satisfied that you cannot afford the same, order that an attorney be appointed and the minutes provided without any charge to you.

Your lawyer is directed by the Court to advise you in full and take any necessary steps indicated by you in this regards.

Take charge.

THE DEFENDANT:  May I ask, she's going to file it, or do I have to file it myself?

THE COURT:  Ms. Grossblatt, were you going to do that on his behalf?

MS. GROSSBLATT:  Of course I will.

THE COURT:  She will do it on your behalf.

THE DEFENDANT:  So how much do I have in total?

THE COURT:  Of what?

THE DEFENDANT:  Time.

lhw

Proceedings                    20

MS. GROSSBLATT:   The jail will inform you.

THE COURT:   I don't do those calculations, but basically it's 32 years.

Good luck.

*              *              *

The foregoing is hereby certified to be a true and accurate transcript of the proceedings as transcribed from the stenographic notes.

_____
LISA H. WINKLER
Senior Court Reporter

lhw